## Employees Occupational Privilege Tax Mutual Aid Association, Appellants, *v.* Hampden Township.

Argued April 29, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Harry L. Bricker, Jr.,* for appellant.

*Tom H. Bietsch,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, July 2, 1970:

On March 1, 1966, the Township of Hampden enacted Ordinance No. 76, known as "The Occupational Privilege Tax Ordinance," for the calendar year 1966. On November 29, 1966, an identical ordinance was enacted for the calendar year 1967. By means of these ordinances, the township imposed a $10 tax on any person, eighteen years of age or over, engaged in any occupation within the limits of Hampden Township.

The appellants, members of an unincorporated association composed of civilian employees of the United States Naval Supply Depot, situated on land partially in the Borough of Mechanicsburg and partially in the Township of Hampden, which land had been ceded to the United States, filed a complaint in equity requesting that the Township and its tax-collecting agency be enjoined from collecting the occupational privilege tax from all persons employed within the Depot.

An adjudication was filed on June 2, 1969, and the decree nisi dismissed the complaint. After exceptions were filed and the matter was argued before the court en banc, the exceptions were dismissed and the decree nisi was entered as a final decree.

This appeal raises two issues, to wit: whether the chancellor erred in finding that the state had specifically reserved the power of enacting an occupational privilege tax by the ceding statute, Act of May 21, 1943, P. L. 567, §4, 74 P.S. 120.24, and whether the chan-

cellor erred in holding that the appellants were not entitled to relief by reason of laches. Since we find that the chancellor's interpretation of the statute was correct, we need not concern ourselves with the latter issue.

The ceding statute reads as follows: "The jurisdiction so ceded to the United States shall be upon the further condition that the Commonwealth reserves to itself and its political subdivisions whatever power of taxation it may constitutionally reserve, to levy and collect all taxes now or hereafter imposed by the Commonwealth and its political subdivisions upon property, persons and franchises within the boundaries so ceded."

The learned chancellor held as a portion of Finding of Fact No. 7, the following: "The effect of both ordinances was to levy a tax upon all *persons* pursuing any trade, profession or business or undertaking of any type within the limits of Hampden Township." (Emphasis added.)

The appellants urge that this was error, reasoning that the ceding statute should be strictly construed in line with the "Statutory Construction Act," Act of May 28, 1937, P. L. 1019, and the statements made in Article IV, Section 58, thereof (46 P.S. 558), where it is stated: "All provisions . . . of a law of the classes hereafter enumerated shall be strictly construed. . . . Provisions imposing taxes."

However, the ceding statute is not a provision *imposing* taxes. It is a provision *reserving* to the state "whatever power of taxation it may constitutionally reserve," which power the state previously had upon "property, persons, and franchises within the boundaries so ceded." The reason for the reservation and the language used lead to the inescapable conclusion that a broad reservation was intended rather than a narrow one, as suggested by appellants. There is

no question that an occupational privilege tax, since it does not interfere with the federal government's enjoyment of its property, is constitutional. See *Kiker v. Philadelphia,* 346 Pa. 624, 31 A. 2d 289 (1943).

Moreover, appellants' own complaint averred in Paragraph 7 that: "The effect of both ordinances was to levy a tax upon all *persons,* pursuing any trade, profession or business or undertaking of any type within the limits of Hampden Township." (Emphasis added.)

This averment would seem to be an admission of agreement with the chancellor's finding that the tax on occupational privileges should be construed as a tax on "persons" as that phrase is used in the ceding statute. We find no error in the chancellor's decision.

Decree affirmed, costs to be borne by appellants.